**Inderjit SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72673.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 22, 2009.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Inderjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding that his asylum application was frivolous. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's determination of purely legal questions, *see Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir.2008), and we require that a frivolousness finding be supported by a preponderance of the evidence, *see id.* at 918–19. We deny the petition for review.

Singh was given "adequate notice of the consequences of filing a frivolous application," and the IJ made "explicit findings that [he] knowingly filed a frivolous application." *See id.* at 917–18. Furthermore, the agency's conclusion that Singh knowingly filed a frivolous application is supported by a preponderance of the evidence in light of testimony by the preparer that

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh's application was fabricated, as well as discrepancies between Singh's testimony and his declaration pertaining to his first arrest. *See id.* at 918–19 (holding that an IJ is permitted to rely on both direct and circumstantial evidence of fabrication). Singh was given a sufficient opportunity to explain and address the evidence of fabrication the IJ relied upon. *See id.* at 919.

Contrary to Singh's contention, the record reflects the BIA properly addressed and denied his request for a remand to seek voluntary departure, in light of the BIA's conclusion that the frivolousness finding was supported.

**PETITION FOR REVIEW DENIED.**